THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL NOWMAN, Defendant-Appellant.

Third District   No. 80-516

Opinion filed April 22, 1981.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Michael Nowman, appeals from the order of the Circuit Court of Kankakee County sentencing him to two years' probation. On February 26, 1979, the defendant pleaded guilty to burglary and was sentenced to three years' probation. Then on October 30, 1979, the defendant was found to have violated the terms of his probation, his probation was revoked, and the court sentenced him to two years' imprisonment. The defendant appealed, and this court in *People v. Nowman* (1980), 87 Ill. App. 3d 42, 409 N.E.2d 95, vacated the sentence of imprisonment and remanded the cause for resentencing. Pursuant to our mandate, the circuit court then sentenced the defendant to two years' probation on September 24, 1980. He now appeals from the resentencing order on the grounds that he should have received credit toward the instant two-year term of probation for time spent incarcerated on the two-year term of imprisonment that this court later vacated. The defendant was incarcerated from October 30, 1979, to September 24, 1980, a period of 11 months. We affirm.

As both parties concede, the issue of whether time spent incarcerated upon revocation of probation can be credited against a term of probation imposed upon resentencing is one of first impression. Moreover, the Unified Code of Corrections does not specifically authorize a sentencing court to grant credit for imprisonment served upon a sentence since vacated in favor of probation.

The defendant argues that sections 5—6—4(h) and 5—8—7(b) of the Unified Code of Corrections provide the statutory basis for a sentencing court to grant such credit. (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—6—4(h) and 1005—8—7(b).) We disagree. Those sections respectively authorize discretionary credit for time spent on probation against a sentence of imprisonment imposed upon revocation of probation, and mandatory credit for time spent in custody against a term of imprisonment. Thus, according to the statutory scheme, a period of probation may serve as credit against an impending term of imprisonment, but a period of imprisonment cannot serve as credit against probation. Accord, Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(d).

Instead, we view the September 24, 1980, disposition as the circuit court continuing the defendant's original term of probation according to section 5—6—4(e) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(e)). Therefore, his sentence of imprisonment was in effect not a part of the second probationary period and should not be used by this court to lessen the pending term of probation. Upon removal from this court, the circuit judge determined that the defendant required an additional two years of court supervision from that date to conform his conduct to the dictates of the law. For this court to nearly halve that period of probation would conflict with the rehabilitative scheme of the sentencing court. In light of the defendant's crime of burglary (a Class 2 felony), we find the circuit court's imposition of an additional two years' probation to be eminently reasonable.

For the foregoing reasons, we affirm the sentencing order entered in the Circuit Court of Kankakee County.

Affirmed.

ALLOY and STOUDER, JJ., concur.