THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES MILLER, Defendant-Appellant.

Third District   No. 82—136

Opinion filed September 20, 1982.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, James Miller, originally pleaded guilty in the circuit court of Knox County to three Class A misdemeanors on November 21, 1979, and was sentenced to three concurrent, maximum one-year terms of probation. On July 7, 1980, the State filed a petition to revoke probation and on January 7, 1981, the circuit court determined that the defendant violated a condition of his probation by possessing a firearm. The court then sentenced him to three consecutive one-year terms of probation. The defendant appealed and this court vacated the consecutive sentencing scheme in *People v. Miller* (1981), 101 Ill. App. 3d 1200 (Rule 23 order). At resentencing the circuit court again imposed three concurrent, maximum one-year terms of probation on January 18, 1982. The sentences were to have begun on January 30, 1981. On January 22, 1982, before the concurrent terms of probation

expired, the defendant moved to be discharged, while at the same time, the State petitioned to revoke probation. The court denied the defendant's request for discharge and held the State's petition in abeyance while the defendant appealed.

The defendant points out that, when adding the 7½-month period preceding the violation of probation and the eight-month period from the date of the consecutive sentencing to his most recent alleged violation of probation, his term of probation has exceeded the one-year maximum sentence prescribed for the Class A misdemeanors to which he initially pleaded guilty. He contends that, following this court's vacating of the consecutive sentencing, the circuit court, in choosing to impose probation again, was only authorized to impose an approximately 4½-month term so as not to exceed the one-year maximum sentence limitation. In support of his argument, the defendant relies on section 5—6—4(e) of the Unified Code of Corrections which provides that: "If the court finds that the offender has violated a condition at any time prior to expiration or termination of the period, it may continue him on the existing sentence, with or without modifying or enlarging the conditions, or may impose any other sentence that was available under section 5—5—3 at the time of initial sentencing." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(e).) Thus, the defendant concludes, where the sentencing court has originally sentenced the probationer to the maximum term, it has only two sentencing options upon violation of probation: (1) continue him on the same maximum-term sentence, with or without enlarging conditions, or (2) impose another kind of sentencing disposition that was available when the defendant was first sentenced.

We cannot accept the defendant's postulate that upon revocation of a maximum term of probation, a court choosing to impose probation again must also continue the same term so the total time spent while on probation does not exceed the statutory maximum for the underlying offense. As section 5—6—4(e) provides, where a court does not intend to continue the defendant on the original sentence, it may impose any other sentence that was available when he was first sentenced. Contrary to the defendant's argument, we do not interpret "any other" to restrict by implication the authority of the court to impose a term of probation that in and of itself lies within the statutory range but which when taken with previously served probation increases the term beyond the prescribed maximum. Certainly a court may choose merely to continue the existing term in spite of the violation of probation. (*People v. Nowman* (1981), 95 Ill. App. 3d 228, 419 N.E.2d 1267.) But the court may impose any length of probation upon

revocation that was available originally, regardless of the amount of previously served probation. Thus, where a probationer has completed a substantial portion of his probation and then commits an egregious violation of probation, the court in its discretion may order the maximum term anew to rehabilitate the errant probationer. Were we to accept the defendant's argument, a court might be more inclined to sentence the defendant to imprisonment since an extended term of probation would be unavailable.

What the defendant actually urges today is for this court to find a mandatory credit for previous probation against any term of probation imposed following revocation. We find no statutory provision which authorizes such credit nor have we found any authority in the case law that so provides. In support of our ruling today, we analogize to section 5—6—4(h), which directs that "[t]ime served on probation, conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h).) Likewise, at sentencing following revocation of probation, the court choosing to sentence the defendant to probation again should carefully consider the length of the successfully served probation before imposing the term; if the probation violation does not indicate a readjustment in the length of the original sentence of probation, then the court should continue the sentence without extending the total period of probation beyond the statutory maximum. But, where, as here, the court finds that additional probation is necessary, it may impose any permissible term of probation regardless of whether the probationer will eventually serve more than the statutory maximum.

Accordingly, we affirm the orders of the circuit court of Knox County.

Affirmed.

BARRY, P. J., and ALLOY, J., concur.