THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL J. REYES, Defendant-Appellant.

Second District   No. 2—89—0636

Opinion filed April 10, 1991.

Daniel D. Yuhas and M. Jeffrey Bergschneider, both of State Appellate Defender's Office, of Springfield, and G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Michael Reyes, after a bench trial, was convicted of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2) and sentenced to an eight-year term of imprisonment. On appeal, he contends that: (1) the provision in the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 805—4(6)(a)) pursuant to which he was tried as an adult is unconstitutionally vague with regard to alleged armed robbery perpetrators; (2) it was error to try him as an adult under that provision; and (3) evidence of prior criminal activity was erroneously admitted at his trial. We affirm.

On October 26, 1988, a Du Page County grand jury issued an indictment charging defendant with committing an armed robbery one week earlier while armed with a firearm. Defendant was 15 years old at the time. Despite defendant's age, he was to be tried as an adult pursuant to section 5—4(b)(a) of the Act, which states in relevant part as follows:

"The definition of delinquent minor under Section 5—3 of this Act shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with first degree murder, aggravated criminal sexual assault, armed

robbery when the armed robbery was committed with a firearm, or violation of the provisions of subsection 24—1(a)(12) of the Criminal Code of 1961, as amended. These charges *** shall be prosecuted pursuant to the Criminal Code of 1961, as amended." Ill. Rev. Stat. 1989, ch. 37, par. 805—4(6)(a).

Defendant filed a motion to dismiss the indictment, asserting that he could only be tried as a juvenile. Defendant argued in the motion that section 5—4(6)(a) of the Act is unconstitutionally vague with respect to alleged armed robbery perpetrators and that, even if it is constitutional, he should not be tried as an adult pursuant to that provision because he did not use the firearm to take the money from the victim. The trial court denied the motion, and defendant was tried as an adult.

At trial, Tony Palma testified that he was employed by a Popeye's Restaurant in Aurora. On October 19, 1988, at about 4:45 in the afternoon, he began walking to a nearby bank to make the daily deposit for the restaurant. Shortly after Palma left the restaurant, defendant approached him from behind, pushed him to the ground, grabbed the bank deposit bag, and ran away. Palma began to run after him, but defendant pulled out a gun and pointed it at Palma, who ducked behind a car.

Palma then yelled for help. Another man tackled defendant, and a struggle ensued. Palma heard a sound that seemed like a gunshot. The other man eventually subdued defendant. Palma called the police, who arrived at the scene shortly thereafter and apprehended defendant.

Robert Warner testified that he was the man who tackled and subdued defendant. Warner stated that after he tackled defendant, defendant fired a shot at him. After Warner subdued defendant, he asked why defendant had tried to take the money. Defendant said that he needed money because his girlfriend was pregnant. Defendant also stated that he was on probation and could not afford to be caught.

Raymond Parks, an Aurora police officer, testified that he received a radio dispatch concerning the above incident at about 4:45 p.m. on October 19, 1988. He arrived at the scene about 20 to 30 seconds later. Officer Parks saw defendant down on the ground with Warner holding him down. Palma was standing nearby. There was a gun on the ground next to Palma. Parks then apprehended defendant and called for a van to transport him to the Aurora police station.

Defendant presented no evidence. The trial court found him guilty of armed robbery and sentenced him to an eight-year term of imprisonment. Defendant now appeals.

■ Initially, defendant contends that section 5—4(6)(a) is unconstitutionally vague in violation of the due process clause of the fourteenth amendment with respect to persons charged with committing armed robbery while armed with a firearm. A statute is unconstitutionally vague and violative of due process if its meaning cannot be readily ascertained by an individual of ordinary intelligence. (*People v. Gurell* (1983), 98 Ill. 2d 194, 207.) Among the dangers resulting from vague statutes are the possibility of trapping innocent persons who do not have fair warning that their conduct is prohibited and the potential for arbitrary and discriminatory enforcement. *Grayned v. City of Rockford* (1972), 408 U.S. 104, 108-09, 33 L. Ed. 2d 222, 227-28, 92 S. Ct. 2294, 2298-99.

Defendant points out that a person is guilty of armed robbery if that individual commits a robbery "while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." (Ill. Rev. Stat. 1989, ch. 38, par. 18—2(a).) Therefore, a person can be guilty of armed robbery even if the weapon is not displayed during the commission of the offense. (*People v. Downey* (1987), 162 Ill. App. 3d 322, 332.) Defendant notes that the language of section 5—4(6)(a) of the Act differs from that of the armed robbery statute in that the former provision applies if the charged armed robbery "was committed with a firearm." (Ill. Rev. Stat. 1989, ch. 37, par. 805—4(6)(a).) Defendant argues that this creates uncertainty as to whether the provision applies to a defendant who merely possesses a firearm without displaying it during the commission of the offense. Defendant argues that the legislature may have only intended to require trial as an adult for more serious offenders who actually display a weapon and use it to threaten the victim. Because the language of the provision is unclear with regard to the above matter, defendant contends it is unconstitutionally vague and subject to arbitrary enforcement.

■ We disagree with defendant and conclude that section 5—4(6)(a) of the Act unambiguously requires that all individuals 15 years of age or older who are charged with armed robberies in which they were armed with a firearm must be tried as adults regardless of whether the weapon was displayed during the commission of the offense. A person who violates the robbery statute while armed with a dangerous weapon has committed an armed robbery regardless of whether the weapon is displayed. (*People v. Downey* (1987), 162 Ill.

App. 3d 322, 333.) Thus, a person who is armed with a firearm but does not display it during the course of a robbery has committed armed robbery, and the weapon the crime has been committed with is a firearm. The offense is therefore an armed robbery committed with a firearm regardless of whether the weapon was displayed during the commission of the offense, and the accused perpetrator must be tried as an adult under section 5—4(6)(a) if he or she was 15 years of age or older at the time of the offense. The statute is not ambiguous with regard to this issue, and it is not unconstitutionally vague.

We also reject defendant's contention that section 5—4(6)(a) was only meant to apply to purportedly more serious offenders who actually display firearms during the course of armed robberies. It is a fundamental rule of statutory construction that the intention of the legislature should be ascertained and given effect. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475.) Since the statutory language itself best reflects the intent of the drafters, if that intent can be derived from the language of the provision it will be given effect without resort to other aids for construction. (*Robinson*, 89 Ill. 2d at 475-76.) Here, we have determined that section 5—4(6)(a) unambiguously requires that if an individual accused of armed robbery was 15 years of age or older at the time of the alleged offense and was armed with a firearm, the individual must be tried as an adult regardless of whether the weapon was displayed while the offense was committed. Just as the legislature recognized with regard to the armed robbery statute that the mere presence of a weapon poses a danger of serious injury or death if the victim offers resistance (*People v. Downey* (1987), 162 Ill. App. 3d 322, 333), we believe the legislature recognized the same danger in enacting section 5—4(6)(a) of the Act. Defendant was correctly tried as an adult pursuant to that provision.

Defendant next contends that testimony concerning his alleged statements to Robert Warner and to Aurora police officer Karen Krass to the effect that defendant was on probation at the time of the armed robbery should not have been admitted into evidence because they constituted evidence of prior offenses. Defendant's alleged statement to Krass was suppressed by the trial court; therefore, we shall only consider the alleged statement to Warner.

Even if error occurs at trial, a defendant's conviction may be affirmed on appeal if a review of the record demonstrates that the error is harmless beyond a reasonable doubt. (*People v. Arman* (1989), 131 Ill. 2d 115, 127.) Error will be considered harmless beyond a reasonable doubt if the properly admitted evidence is so overwhelming that no fair-minded trier of fact could have reasonably voted to acquit

the defendant. (*People v. Carlson* (1982), 92 Ill. 2d 440, 449.) In the case at bar, any error in admitting the above testimony was clearly harmless in light of the overwhelming evidence of defendant's guilt. Tony Palma identified defendant as the person who tackled him and ran away with the bank deposit bag. Robert Warner identified defendant as the individual he tackled and subdued after Palma cried for help. The police then came on the scene and arrested defendant. Palma recovered the bank bag at the scene. It is clear that defendant was armed with a gun when he committed the offense as the evidence shows that he pointed the gun at Palma during the chase and fired a shot from it while struggling with Warner.

■ The above evidence was undisputed and inevitably leads to the conclusion that defendant was guilty of armed robbery as it even negates the possibility of mistaken identity. Accordingly, any error in admitting the testimony in question was harmless.

■ Defendant alternatively argues that he received ineffective assistance of counsel because his attorney failed to object to the testimony that defendant stated he was on probation. In order to establish ineffective assistance of counsel, a defendant must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" (*Strickland v. Washington* (1984), 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064) and a reasonable probability exists that, were it not for counsel's errors, the result of the proceeding would have been different (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068). In light of our prior harmless error analysis, there is no possibility counsel's failure to object to the above testimony affected the result at trial. Defendant's ineffective assistance of counsel claim must therefore fail.

For the above reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

REINHARD, P.J., and UNVERZAGT, J., concur.