THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY B. LEMONS, Defendant-Appellant.

Fourth District   No. 4—98—0140

Opinion filed February 22, 1999.

COOK, J., dissenting.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Brett Irving, State's Attorney, of Pittsfield (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Following a bench trial, defendant was convicted of aggravated battery and resisting a peace officer (720 ILCS 5/12—4(b)(8), 31—1 (West 1996)). He received an extended 10-year term of imprisonment for the aggravated battery and a concurrent 364-day sentence on the resisting conviction. On appeal, defendant contends the court erred in imposing an extended term under section 5—5—3.2(b)(1) of the Unified Code of Corrections (Code) (730 ILCS 5/5—5—3.2(b)(1) (West 1996)) because the prior conviction used to qualify defendant for the extended term was more than 10 years old.

The facts reveal defendant was convicted of burglary and sentenced to an initial term of 18 months' probation on February 26, 1985. A petition to revoke that probation was subsequently filed and probation was extended in January 1990. A second petition to revoke probation was filed in August 1991. A hearing on that petition was not held, however, until October 31, 1996, at which time probation was revoked and defendant was sentenced to 54 months in the Department of Corrections. On August 2, 1997, five days after defendant's release from the Department of Corrections, he committed the instant offenses for which he stands convicted.

During the more than five-year lapse between the filing of the second petition to revoke the burglary probation and his sentence to the Department of Corrections upon revocation of probation, defendant was absent from the State of Illinois. The presentence investigation report indicates defendant was arrested and convicted of a variety of charges in other states during these years.

■ Section 5—5—3.2(b)(1) of the Code permits the imposition of an extended-term sentence:

"When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or *** greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody ***." 730 ILCS 5/5—5—3.2(b)(1) (West 1996).

Defendant contends his February 1985 sentence to probation, excluding time spent in custody, occurred more than 10 years prior to his current conviction and, for that reason, does not qualify him for an extended-term sentence. The State responds that the relevant sentencing date is October 1996, well within the 10-year period, when defendant's probation was revoked and he was sentenced to the Department of Corrections.

In *People v. Lewis*, 211 Ill. App. 3d 276, 281, 569 N.E.2d 1221, 1225 (1991), this court held that under section 5—5—3.2(b)(1) of the Code, the 10-year period runs from conviction to conviction and the date of conviction is the date of entry of the sentencing order. See also *People v. Robinson*, 91 Ill. App. 3d 1128, 1130, 414 N.E.2d 1335, 1336 (1980), *aff'd*, 89 Ill. 2d 469, 433 N.E.2d 674 (1982). The question before us is whether the date of the first sentence or the date of the last sentence for defendant's burglary conviction should be used to measure the commencement of the 10-year period. There is no controlling precedent in Illinois.

Defendant urges this court to read the statute literally and find that the date of the initial sentence controls because all subsequent modifications of the original probation order are "resentences" for which defendant was not "reconvicted." The State responds defendant's argument would circumvent the policy considerations embodied in the extended-term statute and lead to absurd results. We agree with the State.

In *Lewis*, defendant was initially convicted in 1979 in a federal court and sentenced to imprisonment. The case was reversed and remanded on appeal and, following retrial, defendant was again convicted and resentenced in 1981. Defendant's 1990 conviction resulted in an extended-term sentence. Defendant in *Lewis* argued his original conviction was outside the 10-year period and use of his 1981 conviction resulted in a more severe penalty due to his legitimate use of the appellate process and his success in having the original conviction overturned. This court disagreed, concluding this was simply a collateral effect of his appeal and was not a situation in which a defendant was more vindictively penalized by a sentencing court for successfully appealing.

Defendant maintains, nevertheless, that in the case of probation revocation, his original conviction has never been overturned. This ignores the fact, however, that once probation has been revoked the original sentence no longer exists, and the court is free to impose any sentence it could have originally imposed. *People v. Miller*, 109 Ill. App. 3d 255, 256-57, 440 N.E.2d 409, 410 (1982). It would be incongruous to suggest that a probationer who commits subsequent illegal acts

or violates the terms of his probation justifying its revocation would be in a better position than a defendant who mounts a successful appeal. As a New York court has observed under an extended-term sentencing statute substantively identical to that in Illinois:

"[The second felony offender statute] was not intended to punish an individual for his past conduct, but, rather, to enhance the sentences applicable to a predicate felon who fails to demonstrate that he can function in society in a law-abiding manner for a 10-year period." *People v. Bell*, 138 A.D.2d 298, 300, 526 N.Y.S.2d 105, 107 (1988) (Sullivan, J., dissenting in part), *aff'd as modified*, 73 N.Y.2d 153, 165-66, 535 N.E.2d 1294, 1300-01, 538 N.Y.S.2d 754, 760-61 (1989) (agreeing with Justice Sullivan's dissent).

*Cf. Harrell v. State*, 832 S.W.2d 154, 157 (Tex. Crim. App. 1992) (where probation is given on a felony conviction, it becomes final for purposes of enhancement on the date probation is revoked).

■ In *Robinson*, the Supreme Court of Illinois stated:

"The aim of recidivist statutes is to impose harsher sentences on offenders whose repeated convictions have shown their resistance to correction. [Citation.] Realistically, one can assess an offender's tendency to recidivism only when, having served his sentence, he has returned to society; his behavior while in custody can hardly be viewed as a reliable indicator of the likelihood of his committing another offense when released." *Robinson*, 89 Ill. 2d at 476, 433 N.E.2d at 677-78.

To ignore defendant's purposeful violation of his probation would, in some instances, immunize him from receiving a legitimate extended-term sentence merely because of his original status as a probationer. We do not believe the legislature intended such a result.

■ Accordingly, we hold, for the purpose of applying an extended-term sentence under section 5—5—3.2(b)(1), the 10-year term begins to run from the date of the last sentence imposed for the same criminal conviction. In this case, defendant was last sentenced on his 1985 burglary conviction in 1996, slightly more than one year before his convictions in this case. The extended-term sentence was properly imposed by the trial court.

For the foregoing reasons, defendant's convictions and sentences are affirmed.

Affirmed.

GARMAN, J., concurs.

JUSTICE COOK, dissenting:
I respectfully dissent. I would hold that the 10-year period within

which an extended sentence could be imposed had expired and remand for a new sentencing hearing.

I agree that the date of "conviction" is the date of entry of the sentencing order. The final judgment in a criminal case is the pronouncement of sentence. *People v. Allen*, 71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284 (1978); *People v. Talach*, 114 Ill. App. 3d 813, 818, 448 N.E.2d 638, 642 (1983).

In the present case the defendant was sentenced, albeit only to probation, on February 26, 1985. That order was a final judgment, with all the attributes of a final judgment. If defendant had been convicted of a similar or lesser felony within 10 years of that date, excluding time spent in custody, defendant could have been sentenced to an extended term on the basis of the February 26, 1985, conviction. 730 ILCS 5/5—5—3.2(b)(1) (West 1996). That is to say, if defendant had been convicted of such a felony by February 26, 1995, the original conviction would form a sufficient predicate upon which to base an extended term. In contrast, in the *Lewis* case, relied upon by the majority, it was ultimately held that the original conviction was never a basis for imposing an extended-term sentence.

The majority ignores the defendant's 10-year exposure to an extended-term sentence and chooses to begin the running of the period a second time, on October 31, 1996, the time when defendant's probation was revoked and defendant was sentenced to 54 months in the Department of Corrections. (The maximum length of a period of probation is four years, but that time may be extended if defendant violates a condition of probation, such as leaving the State without the consent of the court. 730 ILCS 5/5—6—2(b)(1), 5—6—3(a)(4) (West 1996).)

Section 5—5—3.2(b)(1) clearly states that the 10-year period begins to run on the date of "the previous conviction," and once the period begins to run it expires 10 years later, "excluding time spent in custody," not a factor here. 730 ILCS 5/5—5—3.2(b)(1) (West 1996). Nothing in section 5—5—3.2(b)(1) justifies beginning the running of the period a second time. There was a resentencing, but defendant was not convicted of any new crime after 1985. The majority argues that we should not "ignore defendant's purposeful violation of his probation." 303 Ill. App. 3d at 262. That 1996 conduct, however, was not the basis of any conviction here. Resentencing following probation revocation is for the original offense, not for the conduct which was the basis of the revocation. *People v. Young*, 138 Ill. App. 3d 130, 142, 485 N.E.2d 443, 450 (1985).

We should not ignore the language of the statute in order to carry out what we see as "the policy considerations embodied" in it. 303 Ill.

App. 3d at 261. It is not our function to cure any anomaly that may exist in section 5—5—3.2(b)(1). *People v. Bole*, 155 Ill. 2d 188, 198-99, 613 N.E.2d 740, 745 (1993). The surest and most reliable indicator of legislative intent is the language of the statute. *Bole*, 155 Ill. 2d at 198, 613 N.E.2d at 745. If the legislature had wanted to provide a special rule in probation cases it could easily have done so. See *Bole*, 155 Ill. 2d at 198, 613 N.E.2d at 745.