Docket No. 87131–Agenda 8–January 2000.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HENRY BRUCE LEMONS, Appellant.

Opinion filed April 20, 2000.

JUSTICE MILLER delivered the opinion of the court:

Following a 1997 bench trial in the circuit court of Pike County, Henry Bruce Lemons was convicted of aggravated battery and resisting a peace officer. He was sentenced to an extended 10-year prison term for the aggravated battery and a concurrent 364-day term for resisting a peace officer.

The basis of the extended-term sentence was a 1984 burglary to which defendant was convicted February 26, 1985, and sentenced to 18 months of probation. In September 1985, defendant’s probation was revoked. The record fails to indicate the disposition of that revocation. In November 1989, defendant’s probation was revoked again. He was resentenced in January 1990 when the judge extended defendant’s probation for 24 months. In August 1991, a third petition to revoke his probation was filed. A hearing on that petition was not held until October 31, 1996, at which time defendant’s probation was revoked and he was sentenced to 54 months in prison. (During the period from 1991 to 1996, defendant was absent from Illinois and committed various crimes in other states before returning.) Defendant was released from prison in July 1997, having served nine months of his sentence. In August 1997, five days after defendant’s release from the Department of Corrections, defendant was charged with aggravated battery and resisting a peace officer. After a bench trial he was found guilty of both charges; he was sentenced to an extended term of imprisonment on December 3, 1997.

The defendant appealed, contending that the circuit court erred in imposing an extended-term sentence because the prior conviction on which the court predicated that sentence was more than 10 years old, in violation of the sentencing provisions contained in section 5–5–3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5–5–3.2(b)(1) (West 1996)).

The appellate court, with one justice dissenting, affirmed the defendant’s convictions and sentence.  303 Ill. App. 3d 259. The defendant filed a petition for leave to appeal and argued that the imposition of the extended-term sentence constituted reversible error because it was based on a prior conviction more than 10 years old, excluding time spent in custody. We granted defendant’s petition for leave to appeal (177 Ill. 2d R. 315(a)) and now affirm the judgment of the appellate court.

DISCUSSION

The issue before us is whether, for the purpose of extended-term sentencing based on a prior conviction, the 10-year limitation period imposed in section 5–5–3.2(b)(1) of the Unified Code of Corrections began to run on the date defendant was first sentenced for the 1985 burglary, or if it began to run on the date the defendant was last sentenced when his sentence of probation was last revoked on October 31, 1996.

Section 5–5–3.2(b)(1) of the Unified Code of Corrections authorizes a trial court to impose an extended-term sentence in the following circumstance: “When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody ***.” 730 ILCS 5/5–5–3.2(b)(1) (West 1996).

Defendant argues that the February 26, 1985, date of his sentence of probation for burglary should apply to determine if he is eligible for extended-term sentencing. He asserts that under a plain reading of the statute, his sentence was improper because his prior conviction was 11 years old.

The State urges us to apply the 10-year limitation imposed in section 5–5–3.2(b)(1) from the October 31, 1996, date defendant was resentenced when his probation was revoked. The State asserts that the statutory definition of the word “conviction,” as applied to section 5–5–3.2(b)(1), is ambiguous. The State further maintains that to use the initial sentencing date, instead of the final sentencing date, for the defendant’s crime of burglary would defeat the policy considerations embodied in the extended-term statute and lead to absurd results.

For the reasons set forth below, we agree with the State that imposition of a 10-year extended-term sentence was proper. A final sentence was imposed on defendant for the 1985 burglary conviction on October 31, 1996. Therefore, the time limitation for imposing an extended-term sentence does not expire until October 31, 2006.

The cardinal rule of statutory construction is to ascertain and give effect to the plain meaning of a statute, and that inquiry begins with the language of the statute itself. 
People v. Hare
, 119 Ill. 2d 441, 447 (1988). The most reliable indicator of legislative intent is the language of the statute. 
People v. Bole
, 155 Ill. 2d 188, 195 (1993). Where that intent can be ascertained from the language of the statute, it will be given effect without resorting to other aids for construction. 
People v. Robinson
, 89 Ill. 2d 469, 475-76 (1982).

Section 5–5–3.2(b)(1) of the Unified Code of Corrections states that the 10-year period begins to run on the date of the “previous conviction” and expires 10 years later. Section 5–1–5 of the Unified Code of Corrections defines conviction as “a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury.” 730 ILCS 5/5–1–5 (West 1996); 720 ILCS 5/2–5 (West 1996).

In 
Robinson
, this court stated that for the purpose of determining the 10-year period, “the date of a conviction is the date of entry of the sentencing order.” 
Robinson
, 89 Ill. 2d at 477. The question here turns on whether the first sentencing order or the final sentencing order is applicable. The appellate court applied the rule in 
Robinson 
to the date of the defendant’s last sentencing date for the underlying crime, in October 1996, instead of his original sentence in February 1985. The panel believed that the October 31, 1996, date was the relevant date because once probation has been revoked the original sentence no longer exists, and the court is free to impose any sentence it could have originally imposed. 
People v. Miller
, 109 Ill. App. 3d 255, 256-57 (1982). Therefore, the appellate court concluded that the defendant qualified for extended-term sentencing. We agree.

Robinson 
makes clear that the date of a conviction is the date of entry of the sentencing order. 
Robinson
, 89 Ill. 2d at 477. In the present case, the sentencing order occurred on October 31, 1996, because that is the date defendant’s probation was revoked and a final sentence was pronounced on defendant for committing the 1984 burglary. The defendant’s date of conviction for that crime, then, is October 31, 1996.

We further agree with the State that to use the February 26, 1985, date that the original probation was handed down would lead to absurd results. In effect, if a defendant violates his probation and could postpone resentencing on the revocation of probation, he would escape later sentencing under the extended-term statute provisions.

As we stated in 
Robinson
, “The aim of recidivist statutes is to impose harsher sentences on offenders whose repeated convictions have shown their resistance to correction. [Citation.] Realistically, one can assess an offender’s tendency to recidivism only when, having served his sentence, he has returned to society; his behavior while in custody can hardly be viewed as a reliable indicator of the likelihood of his committing another offense when released.” 
Robinson
, 89 Ill. 2d at 476.

Here, the defendant repeatedly violated his probation and continued to run afoul of the law. Having served only nine months of a 54-month sentence imposed on October 31, 1996, for his 1985 burglary conviction, defendant committed aggravated battery and resisting a peace officer within one week of his release. The imposition of an extended-term sentence imposed on December 3, 1997, predicated on his previous conviction for burglary, for which defendant was finally sentenced to the Department of Corrections on October 31, 1996, was appropriate under section 5–5–3.2(b)(1). We note that another jurisdiction has interpreted an analogous statute in a similar manner. 
Harrell v. State
, 832 S.W.2d 154, 157 (Tex. Ct. App. 1992) (“Where a felony conviction is probated, it becomes final for purposes of enhancement on the date that probation is revoked”).

CONCLUSION

For the reasons stated, the judgment of the appellate court is affirmed.

Judgment affirmed.

JUSTICE RATHJE, dissenting:

Section 5–5–3.2(b)(1) of the Unified Code of Corrections authorizes the imposition of an extended-term prison sentence “[w]hen a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred 
within 10 years after
 the previous conviction.” (Emphasis added.) 730 ILCS 5–5–3.2(b)(1) (West 1998). In this case, the trial court imposed–and the majority affirms–an extended-term sentence under section 5–5–3.2(b)(1), even though defendant’s 1997 aggravated battery conviction occurred 
12 years after
 defendant’s 1985 burglary conviction. Unlike the majority, I believe that section 5–5–3.2(b)(1) means what it says and precludes the imposition of an extended-term sentence based upon a 12-year-old conviction.
(footnote: 1) I therefore dissent.

JUSTICE HEIPLE joins in this dissent.

FOOTNOTES
1:   
1
At the very least, the State’s insistence that application of section 5–5–3.2(b)(1) is “far from clear,” “imprecise,” and “vague” under the facts of this case mandates a decision in defendant’s favor. See 
People v. Whitney
, 188 Ill. 2d 91, 98 (1999) (any ambiguity in a penal statute must be construed in the defendant’s favor).