No. 2--02--0999                              Filed: 2-22-06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--2710 |
| TOBIAS L. DRYDEN, | ) ) | Honorable Timothy Q. Sheldon, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Following a jury trial in the circuit court of Kane County, defendant, Tobias L. Dryden, was convicted of two counts of home invasion (720 ILCS 5/12--11 (a)(3) (West 2000)) and one count of unlawful use of a weapon by a felon (720 ILCS 5/24--1.1 (West 2000)). He was acquitted of two counts of armed robbery. 720 ILCS 5/18--2 (West 2000). Defendant was sentenced to 21 years' imprisonment. His sentence included a 15-year enhancement, which was triggered by his possession of a firearm during the commission of the home invasion. See 720 ILCS 5/12--11(a)(3), (c) (West 2000). Defendant appealed, raising three issues. First, he asserted that he was not proven guilty of home invasion beyond a reasonable doubt. Second, he contended that section 12--11(a)(3) and section 12--11(c) of the Criminal Code of 1961 (Code) (720 ILCS 5/12--11(a)(3), (c) (West 2000)), which together mandated the addition of 15 years to his sentence, violated the Illinois Constitution.

Finally, he argued that one of his convictions of home invasion had to be vacated pursuant to the one-act, one-crime rule (see People v. King, 66 Ill. 2d 551, 566 (1977)). We agreed with defendant regarding his latter two contentions. Accordingly, we vacated one of defendant's home-invasion convictions, reversed his sentence, and remanded for a new sentencing hearing.

The State then sought leave to appeal to the Illinois Supreme Court. That court, though denying leave to appeal, ordered us to vacate our previous opinion in this case and reconsider in light of its recent decision in People v. Sharpe, 216 Ill. 2d 481 (2005), which pertains to defendant's second contention of error. Accordingly, we vacate our earlier decision (People v. Dryden, 349 Ill. App. 3d 115 (2004)) and issue this one in its stead.

## I. BACKGROUND

Defendant's two convictions of home invasion stem from an incident occurring on September 23, 2001. Defendant testified that he went to the apartment of Isaac Gonzalez to purchase marijuana. He knocked on the door, and Raechel Peters, Gonzalez's girlfriend, answered. Defendant and Gonzalez went to the kitchen. Defendant added that he was nervous because he owed Gonzalez money. Defendant told Gonzalez how much marijuana he wanted. Gonzalez told defendant to show him his money. Defendant showed Gonzalez a $100 bill. Gonzalez gave defendant $20 worth of marijuana and attempted to keep the rest of the money. Defendant grabbed the $100 bill and told Gonzalez that he would settle his debt later. Defendant stated that he then attempted to leave the apartment. Gonzalez said something to a man in the living room, and they followed defendant out of the apartment.

Raechel Peters testified that, on September 23, 2001, she was watching television in her and Gonzalez's apartment. Someone knocked at the door, and Gonzalez answered. Gonzalez admitted defendant into the apartment. After defendant entered, Peters observed him do something to the

door lock. Defendant then followed Gonzalez into the kitchen. After about two minutes, defendant came out of the kitchen. Peters stated that two men then entered the apartment. One of them grabbed Gonzalez by the neck and held a gun to him. Defendant was holding a silver gun. The man holding Gonzalez patted down Gonzalez's pockets, and Gonzalez stated that he had already given everything to defendant. The man attempted to pull Gonzalez into the hallway outside the apartment, but Gonzalez managed to close the door as defendant and the two other men left. Travis Young and Linda Paredes were also present in the apartment. They confirmed portions of Peters' testimony, with some minor discrepancies.

Finally, Gonzalez testified. He stated that he, Paredes, Young, and Peters were watching wrestling when he heard a knock at the door. Gonzalez answered and admitted defendant into the apartment. Gonzalez and defendant went to the kitchen. Gonzalez testified that he looked away briefly and when he looked back, defendant had a gun. Gonzalez stated that he tried to give some money to defendant. Defendant went to the apartment's door, opened it, and two other men entered. One of the men grabbed Gonzalez by the shirt and pointed a gun at his stomach. Gonzalez gave them some additional money. The men then tried to drag Gonzalez into the hall. As soon as they got out in the hall, defendant and one of the men ran away. Gonzalez managed to break free from the third man and ran back inside.

The jury convicted defendant of two counts of home invasion (720 ILCS 5/12--11(a)(3) (West 2000)) and one count of unlawful use of a weapon by a felon (720 ILCS 5/24--1.1 (West 2000)). The trial court initially sentenced defendant to 11 years' imprisonment. The State moved to vacate the sentence because it did not include a 15-year enhancement as mandated by sections 12--11(a)(3) and 12--11(c) of the Code. The trial court granted the motion and imposed a 21-year sentence. Defendant now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first contends that he was not proven guilty beyond a reasonable doubt of home invasion. Defendant points out that, to sustain a conviction of home invasion, the State must prove that he entered the victim's dwelling "without authority." 720 ILCS 5/12--11 (a) (West 2000). The evidence showed that the victim admitted defendant into his dwelling. Defendant recognizes that the limited-authority doctrine provides an exception where, though he was admitted into the dwelling, he may still be convicted of home invasion. Specifically, the doctrine holds that where a defendant possessed a criminal intent at the time of the entry, the victim's consent to the entry is vitiated on the theory that, had the victim known the defendant's true intentions, the victim would not have allowed the entry. See, e.g., People v. Hill, 294 Ill. App. 3d 962, 973 (1998). Defendant argues that the State failed to prove that he possessed a criminal intent at the time the victim admitted him into the victim's dwelling. We disagree.

In assessing a challenge to the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. People v. Young, 312 Ill. App. 3d 428, 430 2000 . A criminal conviction will not be set aside unless the evidence is so unsatisfactory as to create a reasonable doubt regarding the defendant s guilt. People v. O Neill, 272 Ill. App. 3d 178, 180 1995 . Viewing the record in the light most favorable to the State, defendant has failed to meet this standard.

Defendant challenges the jury s verdict as it pertains to whether he possessed a criminal intent when he entered the victim s home. Thus, the relevant inquiry focuses upon whether there is evidence in the record from which the jury could draw such a conclusion. Such evidence does exist. Two co-perpetrators initially waited in the hall while defendant entered. The victim's girlfriend testified that she saw defendant turn

around and play with the lock on the door after he entered. Defendant's cohorts entered the apartment after defendant had been inside for a short time. From this evidence, the jury could reasonably conclude that the crime had been planned in advance. Particularly relevant here is the testimony that defendant did something with the lock on the door, from which the jury could infer that he insured that the door was unlocked so his accomplices could enter. Obviously, if the crime was planned before defendant entered the dwelling, defendant possessed the intent to commit it at the time of the entry.

Defendant also contends that the verdict cannot stand because, although the jury found him guilty of home invasion, it acquitted him of two counts of armed robbery (720 ILCS 5/18--2 (West 2000)). Defendant contends that these acquittals amount to a finding that he did not intend to rob the victim. Defendant does not use the term, but, in essence, he is advancing an inconsistent-verdict argument. See, e.g., People v. Rhoden, 299 Ill. App. 3d 951, 957 (1998). However, verdicts of acquittal and conviction are not inconsistent where the crimes at issue involve different elements. People v. Hairston, 46 Ill. 2d 348, 362 (1970). With respect to a charge of home invasion, the limited-authority doctrine requires that defendant "possessed the intent to perform a criminal act *** at the time of entry." Hill, 294 Ill. App. 3d at 973. A robbery charge requires the State to prove a mental state of at least recklessness. People v. Jones, 149 Ill. 2d 288, 297 (1992) (holding that "*either intent, knowledge or recklessness is an element of robbery even though the statutory definition of robbery does not expressly set forth a mental state*. *In fact, the armed-robbery indictment charged that defendant knowingly took the victim's property*. *B*ecause two different mental states were at issue in the home-invasion and armed-robbery counts, defendant cannot prevail on this argument.

Therefore, we cannot say that the evidence regarding defendant's intent at the time of the entry is so unsatisfactory as to create a reasonable doubt of his guilt. Defendant was proven guilty

beyond a reasonable doubt, and the judgment of the trial court is affirmed on this point. As we explain below, however, one of the convictions of home invasion must be vacated pursuant to the one-act, one-crime rule.

### III. THE CONSTITUTIONALITY OF THE 15-YEAR SENTENCE ENHANCEMENT

Defendant next argues that sections 12--11(a)(3) and 12--11(c) of the Code (720 ILCS 5/12--11(a)(3), (c) (West 2000)) violate the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). Section 12--11(a)(3) applies when, during the commission of a home invasion, a defendant either threatens or uses force and possesses a firearm. 720 ILCS 5/12--11(a)(3) (West 2000). Section 12--11(c) mandates a 15-year sentence enhancement under such circumstances. 720 ILCS 5/12--11(c) (West 2000). Defendant contends that, although the punishment for home invasion while possessing a firearm is more severe than the punishment for aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 2000)), the latter crime requires that the firearm actually be discharged and an injury result, whereas the former crime requires only that a person possess a firearm and either threaten or actually use force. Aggravated battery with a firearm is a Class X felony, carrying a term of 6 to 30 years. 720 ILCS 5/12--4.2(a)(1) (b) (West 2000); 730 ILCS 5/5--8--1(a)(3) (West 2000). Home invasion as defined by section 12--11(a)(3) mandates a sentence of 21 to 45 years, including the 15-year sentence enhancement. 720 ILCS 5/12--11 (a)(3), (c) (West 2000); 730 ILCS 5/5--8--1(a)(3) (West 2000). The constitutionality of a statute is a matter subject to de novo review. People v. Malchow, 193 Ill. 2d 413, 418 (2000).

Defendant's argument is based upon what is known as the "cross comparison" test. That analysis, however, is no longer viable in light of the supreme court's recent decision in Sharpe, 216 Ill. 2d 481. Previously, a defendant could state a violation of the proportionate penalties clause in one of three ways:

~6~

"**First**, a penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. **Second**, a penalty is invalid under the proportionate penalties clause where similar offenses are compared, and conduct that creates a less serious threat to the public health and safety is punished more severely. **Third**, there is a violation of the proportionate penalties clause when identical offenses are given different sentences." People v. Hill, 199 Ill. 2d 440, 452 (2002).

In Sharpe, the supreme court held that "[a] defendant may no longer challenge a penalty under the proportionate penalties clause by comparing it with the penalty for an offense with different elements." Sharpe, 216 Ill. 2d at 521. Thus, only the first and third methods of showing a violation remain as options. As defendant's entire argument is premised upon the second method, his argument must fail.

### III. THE ONE-ACT, ONE-CRIME RULE

Defendant's final contention is that his multiple convictions of home invasion violate the one-act, one-crime rule. See People v. King, 66 Ill. 2d 551, 566 (1977). We review this claim de novo. People v. Carter, 344 Ill. App. 3d 663, 667 (2003). Generally, only one offense may be carved from one physical act. King, 66 Ill. 2d at 566. To determine whether the rule has been violated, we must first inquire as to whether defendant's conduct constituted a single act. People v. Rodriguez, 169 Ill. 2d 183, 186 (1996). The next step is to determine whether any of the offenses of which defendant stands convicted are lesser included offenses. Rodriguez, 169 Ill. 2d at 186. If either step yields an affirmative answer, the conviction in question must be vacated. Rodriguez, 169 Ill. 2d at 186. In the instant case, the first step is dispositive.

Before proceeding, we address the State's claim that defendant has waived this issue by failing to include it in his posttrial motion. Defendant contends that we should review it as plain

error.  In People v. Hicks, 181 Ill. 2d 541, 545 (1998), the supreme court noted that *t he imposition of an unauthorized sentence affects substantial rights*."  Plain-error review extends to such matters.  Hicks, 181 Ill. 2d at 545.  Accordingly, we will review defendant's claim of error.

Defendant contends that he could be convicted of only one count of home invasion because he made only one entry into the dwelling.  The State initially points out that one of the home-invasion counts of which defendant was convicted (count III) alleged that defendant used force, while the other (count IV) alleged that he threatened the use of force.  This observation is irrelevant.  In People v. Cole, 172 Ill. 2d 85, 102 (1996), the supreme court flatly held that "a single entry will support only a single conviction" of home invasion even though the defendant inflicted harm on two occupants of a dwelling.  In the present case, defendant made only one entry, and the rule set forth in Cole bars multiple convictions even though separate harms occurred following that single entry.

The State argues that, in addition to his own entry, defendant is accountable for the entry of his accomplices.  In Hicks, 181 Ill. 2d at 544, the supreme court held that the defendant could be convicted of only one count of home invasion where he and an accomplice simultaneously entered the victim's dwelling.  See also People v. Brown, 197 Ill. App. 3d 907, 918-19 (1990).  That defendant here entered shortly before his cohorts, rather than all three simultaneously, is of no moment.  It appears obvious that all of the entries were part of a single course of conduct designed to rob the victim; in other words, there was one crime.  Allowing a defendant to be convicted of two offenses where the entries of multiple accomplices were temporally proximate but not where the entries were actually simultaneous would create an incredibly arbitrary rule.  Accordingly, we reject the State's argument based on defendant's accountability for his accomplices.  Given Cole and Hicks, defendant's multiple convictions cannot stand.  We therefore vacate the conviction based on count IV of the indictment.

## IV. CONCLUSION

In light of the foregoing, we affirm defendant's convictions of home invasion on count III and unlawful use of a weapon by a felon; however, we vacate his home-invasion conviction based on the fourth count of the indictment. In all other respects, the judgment of the circuit court of Kane County is affirmed.

Affirmed in part and vacated in part.

McLAREN and KAPALA, JJ., concur.