No. 3– 03–1029

Filed August 15, 2006.

_____

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF | ) | Appeal from the Circuit Court |
| ILLINOIS, | ) | for the 12th Judicial Circuit, |
|     Plaintiff-Appellee, | ) | Will County, Illinois |
| | ) | |
|     v. | ) | No. 03–CF–801 |
| | ) | |
| TIMOTHY CURTIS, | ) | Honorable |
|     Defendant-Appellant. | ) | Daniel J. Rozak |
| | ) | Judge, Presiding |

_____

JUSTICE O'BRIEN delivered the opinion of the court:
_____

Defendant Timothy Curtis was charged with three counts of aggravated battery. Following a jury trial, Curtis was found guilty of two counts and sentenced to concurrent three-year terms of imprisonment. He appealed, claiming that his due process rights were violated when he was required to wear a stun belt without the required hearing and that his convictions violated one-act, one-crime principles. We find that Curtis waived the due process issue by failing to object to the use of restraints and that one of his convictions must be vacated pursuant to one-act, one-crime principles. Accordingly, we vacate one of his convictions.

FACTS

In October 2003, Curtis was charged by information with three counts of aggravated battery stemming from an incident that occurred in June 2003 at a McDonald's in Joliet. Count I alleged that Curtis "in committing a battery ***, without legal justification and while at *** a public place

of accommodation, knowingly made physical contact of an insulting or provoking nature with William Hinton, in that he struck William Hinton about the body" in violation of section 12-4(b)(8) of the Criminal Code of 1961. 720 ILCS 5/12-4(b)(8) (West Supp. 2005). Count II alleged that Curtis violated section 12-4(b)(8) of the Criminal Code by striking Ursula Sheridan. 720 ILCS 5/12-4(b)(8) (West Supp. 2005). Count III alleged that Curtis "in committing a battery *** knowingly caused great bodily harm to William Hinton, in that he beat William Hinton about the body," in violation of section 12-4(a) of the Criminal Code. 720 ILCS 5/12-4(a) (West Supp. 2005).

Prior to the first day of trial, the trial court stated that Curtis needed to be dressed in civilian clothes for the trial to which defense counsel responded that he had already spoken to the point person at the jail but asked the court that the sheriff's department be contacted regarding the necessary process. The court officer indicated that the point person has to follow regular departmental procedures in readying a custodial defendant for trial.

A jury trial ensued at which the following facts were revealed. On June 4, 2003, Curtis and the victim, William Hinton, were both at a McDonald's in Joliet when Curtis struck Hinton several times about the head and body, knocking him to the ground. Hinton lost consciousness and was taken to the hospital where he remained for nearly two weeks. The parties stipulated that Hinton's treating physician would testify that Hinton was treated for blunt head trauma, multiple concussions, and alcohol withdrawal. Ursula Sheridan was also hit by Curtis as he attempted to hit Hinton. After the State rested its case, upon the State's motion, the trial court dismissed the second count of the information, aggravated battery against Sheridan. Before the jury returned from deliberations, the following discussion occurred:

"THE COURT: 'The way your client is sitting now is just

2

fine.  He still has the cuffs on him, but it would take a little bit of time

to get that belt back on him.  Rather than make the jurors wait, I

would prefer to do it with him wearing the cuffs with them down

behind the table.  They have a verdict.  It doesn't matter.  He can stay

seated.'

[DEFENSE COUNSEL]:  'If he can stay seated, that's fine.'"

The jury returned guilty verdicts on both remaining counts.  At a sentencing hearing, the trial court

sentenced Curtis to concurrent three-year terms of imprisonment.  After the trial court determined

Curtis's sentence, it stated, "It's on both counts, concurrent.  It's actually the same act, wasn't it?

They should merge probably."  Curtis followed with this appeal.  We vacate in part.

## ANALYSIS

Curtis raises two issues on appeal.  The first issue is whether he was denied a fair trial based

on the trial court's failure to hold a hearing before requiring Curtis to wear a stun belt.  The second

issue is whether one of his convictions should be vacated for violating the one-act, one-crime

doctrine.

We turn to the first issue.  Curtis argues that the trial court erred by failing to consider the

necessary factors before requiring him to wear a stun belt during his trial and that the trial court's

error deprived him of a fair trial.

We initially address the State's contention that the record does not establish that Curtis was

required to wear a stun belt during trial.  The record discloses that immediately before the jury

returned with its verdicts, the trial court acknowledged that Curtis "still ha[d] the cuffs on him" and

that "it would take a little bit of time to get that belt back on him."  Based on the trial court's

3

comments, as well as the fact that it is the standard operating procedure of the Will County sheriff's department to require all in-custody felony defendants to wear a stun belt, we reasonably conclude that Curtis was forced to wear a stun belt during his trial. People v. Martinez, 347 Ill. App. 3d 1001, 1003, 808 N.E.2d 1089, 1090 (2004) (acknowledging Will County's standard operating procedure regarding use of stun belts). In addition, the record expressly establishes that Curtis was, at the least, forced to wear handcuffs when the jury returned with its verdicts. People v. Buckner, 358 Ill. App. 3d 529, 531, 831 N.E.2d 676, 678 (2005) (determining that lack of an adequate description of the type of restraint used does not preclude review). The trial court also concluded that it was sufficient that Curtis remained "wearing the cuffs with them down behind the table" when the verdict was delivered. However, the use of unnecessary restraints is improper even if a jury is unaware of them. People v. Bennett, 281 Ill. App. 3d 814, 826, 666 N.E.2d 899, 907 (1996).

The State further contends that Curtis has waived this issue on appeal by failing to object to the use of restraints during trial and in a posttrial motion and that plain error does not apply. In order to preserve an issue for appeal, a defendant must object to the issue at trial and raise the issue in a posttrial motion. People v. Enoch, 122 Ill. 2d 176, 186-87, 522 N.E.2d 1124, 1129 (1988). Pursuant to Supreme Court Rule 615(a), however, if an error affects substantial rights, it may be considered on appeal, waiver notwithstanding. 134 Ill. 2d R. 615(a). Pursuant to the plain error doctrine, a reviewing court will consider an issue otherwise waived if the evidence is closely balanced or if the alleged error was so serious as to deprive the defendant of a fair trial. People v. Doss, 347 Ill. App. 3d 418, 427, 807 N.E.2d 697, 704 (2004).

The Illinois Supreme Court recently examined plain error in the context of an alleged due process violation in another Will County stun belt case, People v. Allen, No. 99977 (June 2, 2006).

4

The Allen court determined that plain error does not apply absent a showing that the error resulted in fundamental unfairness or threatened the fairness of the trial and reversed this court's decision to address the stun belt issue as plain error. Allen, slip op. at 31-32. In reaching its conclusion, the Allen court found that the trial court's failure to follow the procedures set forth in People v. Boose, 66 Ill. 2d 261, 266-67, 362 N.E.2d 303, 305-06 (1977), before requiring the defendant to wear a stun belt amounted to a violation of the defendant's due process rights. Allen, slip op. at 12. However, the court went on to conclude that the defendant did not establish that the error " 'affected the fairness of [his] trial and challenged the integrity of the judicial process.' " Allen, slip op. at 19, quoting People v. Herron, 215 Ill. 2d 167, 187, 830 N.E.2d 467, 479-80 (2005). Accordingly, the Allen court found that plain error did not apply under the circumstances presented and held that the issue was waived. Allen, slip op. at 20.

Our review of the record in the instant case establishes that the trial court failed to conduct a Boose hearing or to state for the record why Curtis was required to be restrained. Thus, we find that the trial court's failure to consider the Boose factors before placing Curtis in restraints constituted a violation of Curtis's due process rights. Allen, slip op. at 12. However, not all constitutional violations amount to plain error. People v. DuPree, 353 Ill. App. 3d 1037, 1043, 820 N.E.2d 560, 565 (2004). The record establishes that Curtis's counsel failed to object to the use of restraints, and in fact, acquiesced in their use as long as they remained out of the jury's sight. We must find the issue is waived by Curtis's failure to object to the use of the stun belt, both at trial and in a posttrial motion, unless we can review the issue under the plain error doctrine.

Curtis does not argue, nor does the record establish, that the evidence in the instant case was closely balanced. At trial, Curtis admitted that he struck the victim with his fist and kicked the

5

victim. Moreover, Curtis has not offered evidence sufficient to establish that the error deprived him of a fair trial. People v. Crutchfield, 353 Ill. App. 3d 1014, 1021-22, 820 N.E.2d 507, 514-15 (2004) (finding no error where defendant did not show that the verdict would have been different without the error). Curtis does not contend that he was unable to sufficiently confer with counsel or assist in his defense during the trial. The record establishes that there was no mention of restraints until the jury was ready to return with its verdict. Under the circumstances presented in this case, we therefore conclude that the plain error doctrine does not apply and find the issue waived.

We turn now to Curtis's second argument on appeal. He argues that his conviction for aggravated battery in a public place of accommodation (720 ILCS 5/12-4(b)(8) (West Supp. 2005)) must be vacated pursuant to the one-act, one-crime doctrine because the same conduct resulted in a separate conviction for aggravated battery, serious bodily harm (720 ILCS 5/12-4(a) (West Supp. 2005)). We agree.

As a threshold matter, we consider the State's assertion that Curtis has waived this issue by failing to object at trial and in a posttrial motion and find that the plain error doctrine applies. People v. Moshier, 312 Ill. App. 3d 879, 881, 728 N.E.2d 822, 823 (2000) (noting that objections to excess convictions may be considered under the plain error doctrine even if waived).

A defendant cannot be convicted and sentenced for more than one offense arising from the same physical act. People v. Burrage, 269 Ill. App. 3d 67, 72, 645 N.E.2d 455, 459 (1994). Multiple convictions and concurrent sentences are permissible where a defendant commits several, albeit interrelated, acts. Moshier, 312 Ill. App. 3d at 880, 728 N.E.2d at 823. An "act" is defined as "any overt or outward manifestation which will support a different offense." People v. King, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45 (1977). To determine whether the one-act, one-crime rule has

6

been violated, the reviewing court looks first to whether the defendant's conduct constituted a single act and then determines whether any of the offenses of which the defendant was convicted are lesser-included offenses. People v. Dryden, 363 Ill. App. 3d 447, 453, 844 N.E.2d 456, 461 (2006). An affirmative answer to either inquiry mandates that the conviction at issue be vacated. Dryden, 363 Ill. App. 3d at 453, 844 N.E.2d at 461. We review this issue *de novo*. People v. Krueger, 175 Ill. 2d 60, 64, 675 N.E.2d 604, 607 (1996).

In the instant case, the information charged in counts I and III that Curtis "knowingly made physical contact of an insulting or provoking nature with William Hinton in that he struck William Hinton about the body" and that Curtis "knowingly caused great bodily harm to William Hinton, in that he beat William Hinton about the body." 720 ILCS 5/12-4(a), (b)(8) (West Supp. 2005). Both counts are premised on Curtis's act of striking or beating Hinton. The information does not apportion the offenses among Curtis's act of battering Hinton. The record indicates that the State did not present Curtis's conduct as separate acts at trial but did argue the same conduct with different theories of criminal culpability. Accordingly, only one conviction may stand. People v. Crespo, 203 Ill. 2d 335, 342, 788 N.E.2d 1117, 1121 (2001). When more than one offense arises from the same act, a judgment of conviction and sentences should be imposed on the more serious offense. Burrage, 269 Ill. App. 3d at 72, 645 N.E.2d at 460. In the instant case, because Curtis was convicted and sentenced for two offenses of aggravated battery, each a Class 3 felony, vacation of either one of the convictions and sentences is appropriate. We therefore vacate Curtis's conviction and sentence based on the offense of aggravated battery in a public place of accommodation. 720 ILCS 5/12(b)(8) (West Supp. 2005).

For the foregoing reasons, the judgment of the circuit court of Will County is vacated in part.

Vacated in part.

SCHMIDT, P.J., and HOLDRIDGE, J., concurring.