FIRST DIVISION

No. 1-08-1090

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 99 CR 26204 |
| ABRAHAM GARCIA, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Jorge Luis Alonso, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE LAMPKIN delivered the opinion of the court:

Following a bench trial, defendant Abraham Garcia was found guilty of three counts of aggravated battery and was sentenced to three extended 90-month prison terms, to be served concurrently. On appeal, defendant asserts his three convictions violate the one-act, one-crime doctrine and his extended-term sentences are void.

On November 16, 1999, defendant and codefendant Raul Tovar, who is not a party to this appeal, were charged with attempted murder and four counts of aggravated battery based on an incident occurring on August 31, 1999, in which Roberto Rios was the victim.

Defendant was arraigned on November 29, 1999. On July 13, 2000, the trial court issued a bond forfeiture warrant when defendant failed to appear in court, but the court subsequently granted defense counsel's motion to vacate that warrant. On November 21, 2000, the court issued a second bond forfeiture warrant when defendant failed to appear in court. A judgment

was entered on the bond forfeiture on December 27, 2000. Defendant was not arrested until November 15, 2006, and the next hearing did not occur until November 28, 2006, almost six years after defendant had failed to appear in court.

At trial in 2008, defendant was found guilty of three counts of aggravated battery based on evidence showing that at about 11 a.m. on August 31, 1999, Roberto and his wife Sylvia Rios were driving to a restaurant when two cars stopped in the middle of the street and obstructed traffic for several minutes. When Roberto honked his horn, defendant exited one of the two cars, approached Roberto and swore at him. Roberto then swore back at defendant. After defendant unsuccessfully tried to hit Roberto through his open window, the car in front of him began to move and Roberto drove to the restaurant, where only he, Sylvia, a waitress, and the restaurant's owner were present. Shortly after Roberto and Sylvia had arrived, defendant entered with another man who carried a four-foot pipe. Defendant said, "nobody fucks with me," and held Roberto so he could not move. Defendant's companion then used the pipe to hit Roberto in the leg, forehead, back and arm, breaking his arm in multiple places. After Roberto was hit about 15 times, he and defendant fell to the floor and defendant broke a glass "blender" against Roberto's face. Defendant then rubbed the broken blender against Roberto's face. After the incident, Roberto received stitches for the 15 cuts on his face and a cast was placed on his arm. He also had scars and was missing a piece of skin.

The trial court found defendant not guilty of attempted first degree murder "despite the brutality of the attack" and found him guilty of three counts of aggravated battery (counts II, III, and IV).

On April 2, 2008, the court proceeded to sentencing. The court stated that defendant's offenses were Class 3 felonies (720 ILCS 5/12-4(e) (West 1998)), with a sentencing range of between two and five years' imprisonment (730 ILCS 5/5-8-1(a)(6) (West 1998)). However, the court and the parties agreed that based on defendant's prior Class 2 possession of a stolen motor vehicle conviction (PSMV) (625 ILCS 5/4-103(b) (West 1992)), defendant was subject to an extended-term sentence of between 5 and 10 years' imprisonment (730 ILCS 5/5-8-2(a)(5) (West 1998)). The presentence investigation report (PSI) reflected that on November 1, 1993, defendant was sentenced to one year of probation for PSMV, and that his probation was terminated as satisfactory on October 31, 1994. The court found the three aggravated battery counts were "all separate theories" and sentenced defendant to three extended 90-month prison terms, to be served concurrently.

On April 8, 2008, defendant filed a motion to reconsider his sentence, arguing that his prior PSMV conviction did not qualify him to receive an extended-term sentence because this prior conviction did not occur within 10 years of his present conviction excluding time spent in custody, as required by section 5-5-3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b)(1) (West 1998)). Defendant argued that the statute contained no provision tolling the 10-year period where a defendant causes delay, and the State has other remedies available when a defendant violates the conditions of his bail bond.

At a hearing on April 9, 2008, defendant presented substantially the same argument and the State acknowledged it was not aware of any case providing for the tolling of the 10-year period.

Following further argument by defendant on April 18, 2008, the court entered a written order denying defendant's motion to reconsider. The court acknowledged that there were no cases directly on point but found that the 6-year delay from 2000 to 2006 was attributable to defendant, thereby tolling the 10-year period and rendering him eligible for an extended-term sentence.

On appeal, defendant first asserts his three convictions for aggravated battery were based on a single act, in violation of the one-act, one-crime doctrine. Specifically, he contends his convictions were all based on one act of beating Roberto about the body. The State responds that defendant committed three separate acts when (1) defendant, through his accomplice, beat Roberto with the pipe; (2) defendant hit Roberto in the head with the pitcher; and (3) defendant rubbed the pitcher on Roberto's face.

We review *de novo* whether a defendant's convictions violate the one-act, one-crime doctrine (People v. Tabb, 374 Ill. App. 3d 680, 694 (2007)), which prohibits a defendant from receiving multiple convictions carved from the same act (People v. King, 66 Ill. 2d 551, 566 (1977)). One-act, one-crime analysis involves two steps, the first of which is to determine whether a defendant's conduct consisted of one physical act or separate physical acts. People v. Harvey, 211 Ill. 2d 368, 389 (2004). An "act" is " ' "any overt or outward manifestation which will support a different offense." ' [Citation.]" People v. Isunza, No. 2-07-0360, slip op. at 9 (2009). However, if more than one conviction could be supported by the defendant's conduct, the indictment must indicate that the State intends to treat such conduct as multiple acts warranting multiple convictions. People v. Crespo, 203 Ill. 2d 335, 342-45 (2001). A defendant

is prejudiced where the State treats closely related acts as one in the indictment and during trial, but changes its course on appeal to contend there were separate acts supporting separate convictions. People v. Bishop, 218 Ill. 2d 232, 245-46 (2006). Furthermore, counts charging a defendant with the same conduct under different theories of criminal culpability are insufficient to differentiate the charges. See Crespo, 203 Ill. 2d at 342. If a reviewing court determines a defendant committed multiple physical acts, it must then decide whether any of the offenses are lesser-included offenses, thereby rendering multiple convictions improper. Harvey, 211 Ill. 2d at 389.

Here, defendant was convicted of counts II, III and IV of aggravated battery based on closely related acts occurring on the same day, as charged in the information. Compare Bishop, 218 Ill. 2d at 236, 245-46 (the defendant was charged with eight counts based on sexually assaulting his daughter between 1998 and 2000). Count II charged that defendant and codefendant "intentionally or knowingly without legal justification caused bodily harm to Roberto Rios, to wit: *beat* Roberto Rios about the body, while using a deadly weapon, other than by the discharge of a firearm, to wit: a *pitcher*." (Emphasis added.) See 720 5/12-4(b)(1) (West 1998). In addition, count III charged that they "intentionally or knowingly caused great bodily harm to Roberto Rios, to wit: *beat* Roberto Rios about the body." (Emphasis added.) See 720 ILCS 5/12-4(a) (West 1998). Count IV further charged that they "intentionally or knowingly caused permanent disfigurement to Roberto Rios, to wit: *beat* Roberto Rios about the body." (Emphasis added.) See 720 ILCS 5/12-4(a) (West 1998). Thus, the counts as charged distinguished between the act of beating Roberto with a pitcher and the act of beating Roberto

with something other than a pitcher, notwithstanding that the latter counts did not specifically identify a pipe.

Nonetheless, we agree with defendant that the counts did not distinguish defendant's conduct in breaking the pitcher from his conduct in rubbing the broken pitcher on Roberto's face. Based on the evidence available, the State could have charged and argued such conduct as separate acts, but it did not do so. Rather, only one count charged that defendant used a pitcher and the other two counts were implicitly based on beating Roberto with a pipe. Contrary to the State's assertion, it did not sufficiently distinguished between two acts involving a pitcher at trial either. In it's opening statement, the State argued only that defendant was injured when struck with a metal pipe and was injured when struck in the face with a glass pitcher. Compare Bishop, 218 Ill. 2d at 247-49 (the defendant was properly convicted of three counts of aggravated criminal sexual assault where the State focused on three acts of penetration throughout trial). In addition, the trial court's finding that Roberto was injured by the lead pipe and generic reference to "the pitcher to the face" as the most brutal part of the attack shows that the court distinguished only between the injuries resulting from the pipe and those resulting from the pitcher. We further observe that a different result does not obtain merely because the three counts charged different theories of culpability under the aggravated battery statute, *i.e.*, using a deadly weapon other than by discharging a firearm, intentionally or knowingly causing great bodily harm, or intentionally or knowingly causing disfigurement. 720 ILCS 5/12-4 (West 1998); see also People v. Curtis, 367 Ill. App. 3d 143, 147-48 (2006).

Having determined that defendant's conduct as charged and tried consisted of two acts,

6

the one-act, one-crime analysis ordinarily requires examining whether either of defendant's offenses is a lesser-included offense of the other. However, defendant does not represent that his aggravated battery offenses involve a lesser-included offense. Accordingly, we must determine which conviction based on defendant's use of the pipe in the beating should be vacated.

Pursuant to the one-act, one-crime doctrine, a reviewing court must vacate the less serious offense, which is determined by comparing the relevant punishments for the offenses. People v. Artis, 232 Ill. 2d 156, 170 (2009). However, where punishments are identical, reviewing courts must consider which offense requires the more culpable mental state. In re Samantha V., 234 Ill. 2d 359, 379 (2009). Where a reviewing court cannot determine which offense is more serious, the cause must be remanded for the trial court to determine which conviction should be vacated. Artis, 232 Ill. 2d at 177.

Here, defendant's Class 3 aggravated battery convictions based on beating defendant with a pipe required the same mental state of "intentionally or knowingly," pursuant to section 12-4(a) (720 ILCS 5/12-4(a) (West 1998)). Because we cannot determine which offense is more serious, we must remand for the trial court to determine which conviction should be vacated.

Next, defendant asserts his extended-term sentences were void. Specifically, he asserts that the sentencing statute authorizes an extended-term sentence based on a prior conviction within 10 years, and observes that more than 14 years passed between his PSMV conviction and the present conviction. He also asserts the statute does not contain a tolling provision based on delay caused by a defendant and the State had other recourse. The State responds that the court properly found the 10-year period was tolled because defendant delayed proceedings for almost 6

1-08-1090

years.

A sentencing judge cannot impose a penalty that is not authorized by the relevant sentencing statute. People v. Palmer, 218 Ill. 2d 148, 154 (2006). In addition, a portion of a sentence that is not authorized is void. People v. Thompson, 209 Ill. 2d 19, 23 (2004). Whether a judgment is void and matters of statutory construction present legal questions which we review *de novo*. People v. Hauschild, 226 Ill. 2d 63, 72 (2007); People v. Diggins, 235 Ill. 2d 48, 54 (2009).

The primary objective in statutory construction is to ascertain and give effect to the legislature's intent. People v. Galan, 229 Ill. 2d 484, 529 (2008). The best indicator of such intent is the statute's language, which must be given its plain and ordinary meaning. Diggins, 235 Ill. 2d at 54. Where a statute's language is unambiguous it must be given effect without resorting to other aids for construction. People v. Richardson, 348 Ill. App. 3d 796, 806 (2004). We also presume the legislature did not intend inconvenience, absurdity or injustice. Galan, 229 Ill. 2d at 529. However, a reviewing court will not depart from a statute's plain language by reading into it limitations, exceptions or conditions which conflict with the express legislative intent. Galan, 229 Ill. 2d at 529. Criminal statutes must be strictly construed in favor of a defendant and nothing should be taken by implication or intendment beyond the statute's obvious or literal meaning. People v. Taylor, 221 Ill. 2d 157, 162 (2006). We cannot remedy an apparent legislative oversight under the guise of statutory construction by rewriting a statute in a manner which is inconsistent with the statute's unambiguous language. Taylor, 221 Ill. 2d at 162-63.

Section 5-5-3.2(b)(1) provides that a trial court may impose an extended-term sentence

8

1-08-1090

pursuant to section 5-8-2 (730 ILCS 5/5-8-2 (West 1998)) under the following circumstance:

> "When a defendant is convicted of any felony, after having
>
> been previously convicted in Illinois or any other jurisdiction of the
>
> same or similar class felony or greater class felony, when such
>
> conviction has occurred within 10 years after the previous
>
> conviction, excluding time spent in custody, and such charges are
>
> separately brought and tried and arise out of different series of
>
> acts." 730 ILCS 5/5-5-3.2.(b)(1) (West 1998)).

The purpose of the statute is to impose harsher sentences on offenders who have shown their resistance to correction through their repeated convictions, but the extended-term provision is a penal statute and should be strictly construed. People v. Robinson, 89 Ill. 2d 469, 475-76 (1982). Under section 5-5-3.2(b)(1), the date of a defendant's conviction is the date when his sentence was entered. Robinson, 89 Ill. 2d at 476-77; see also People v. Lemons, 191 Ill. 2d 155, 159-60 (2000) (when a defendant's original sentence of probation is revoked and he is resentenced, his "previous conviction," as used in the statute, occurs when the final sentence is imposed).

Here, defendant was sentenced to probation for his PSMV conviction on November 1, 1993. Because he successfully completed that probation, that date remains the date of his prior conviction. In the present case, defendant was sentenced on April 2, 2008. Thus, more than 14 years passed between defendant's PSMV conviction and the present conviction. Although defendant's prior conviction was well within the requisite 10-year period when he was arraigned, we adhere to our supreme court's holding that conviction occurs upon entry of a defendant's

9

sentence. In addition, it is undisputed that section 5-5-3.2(b)(1)'s exclusion of time spent in custody would not change the result here.

We also find the unambiguous plain language of the statute provides no tolling provision when a defendant causes a delay in proceedings, thereby preventing a prior conviction from being a qualifying offense. In addition, the State cites to no statutory language whatsoever that could be read to encompass such a provision. Compare In re Detention of Lieberman, 201 Ill. 2d 300, 307, 309-12, 317-18, 323-24 (2002) (finding that the statutory language "sexually violent offense" included rape although the offense was not specifically enumerated in the statute); People v. Harden, 113 Ill. 2d 14, 21-22 (1986) (finding that "convict[ed] in Illinois" included convictions in federal and state courts in Illinois); see also Lemons, 191 Ill. 2d at 159-60 (interpreting "previous conviction"). Rather, the State essentially asks this court to rewrite the statute to include the desired provision.

The State contends that to allow defendant to escape from an extended-term sentence under these circumstances would interfere with the legislature's intent to impose harsher sentences on offenders who have shown their resistance to correction. The State also contends that a policy exists in favor of not rewarding a defendant who wrongfully absents himself from court, thereby causing a delay, and observes that the legislature has on other occasions provided a tolling provision where a delay in proceedings is attributable to the defendant. See 725 ILCS 5/103-5(f) (West 2008); People v. Rievia, 307 Ill. App. 3d 846, 850, 852-53 (1999); see also People v. Taylor, 247 Ill. App. 3d 321, 322 (1993) (an appellate court may dismiss a defendant's appeal if he is a fugitive from justice during the pendency of his appeal). However, here, the

10

legislature has apparently chosen not to implement a tolling provision to achieve the objective of extended-term sentencing and we cannot graft such a provision on to the statute where the legislature has not seen fit to do so. To the extent this is the result of legislative oversight, it cannot be remedied by this court. Nonetheless, in light of other recourse that was available to the State when defendant disappeared for six years, we cannot say the absence of a tolling provision or the result here is absurd.

Although the State correctly observes that the prosecutor has broad discretion in deciding what charges to file (People v. Burton, 100 Ill. App. 3d 1021, 1025 (1981)), the State could have charged defendant with a violation of bail bond (720 ILCS 5/32-10 (West 2000)). As defendant was admonished at his arraignment on November 29, 1999, the State could have also tried and sentenced defendant in his absence when he failed to appear. See People v. Phillips, No. 1-04-2655, slip op. at 3-4 (September 30, 2009); 725 ILCS 5/113-4(e), 115-4.1 (West 2000). Had the State done so, defendant's PSMV conviction would likely have been a qualifying offense.

Here, defendant was not eligible for an extended-term sentence because his prior PSMV conviction was not a qualifying offense. Thus, defendant was eligible to be sentenced for his Class 3 offense (720 ILCS 5/12-4(e) (West 1998)), to terms of between two and five years in prison (730 ILCS 5/5-8-1(a)(6) (West 1998)). To the extent defendant's sentence exceeded five years' imprisonment, it is void.

For all the foregoing reasons, we remand the cause to the trial court to determine whether to vacate count III or IV. We vacate the 2½ year extended-term portion of his sentences as void. We affirm the judgment in all other respects.

1-08-1090

Affirmed in part and vacated in part; cause remanded with directions.

HALL, P.J., and GARCIA, J., concur.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ABRAHAM GARCIA,

Defendant-Appellant.

No. 1-08-1090

Appellate Court of Illinois

First District, FIRST DIVISION

December 31, 2009

Justice Bertina E. Lampkin authored the opinion of the court:

Presiding Justice Hall and Justice Garcia concur.

Appeal from the Circuit Court of Cook County.

The Hon. Jorge Luis Alonso, Judge Presiding.

**COUNSEL FOR APPELLANT**

Michael J. Pelletier, State Appellate Defender, Chicago, IL 60601

Patricia Unsinn, Deputy Defender

OF COUNSEL: Deborah Nall

**COUNSEL FOR APPELLEE**

Anita Alvarez, Cook County State's Attorney, Chicago, IL 60602

OF COUNSEL: James E. Fitzgerald and Michele Grimaldi Stein

1-08-1090