238 P.3d 134

**The STATE of Arizona, Appellee,**

v.

**Danny Alan MASON, Appellant.**

**No. 2 CA–CR 2009–0341.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 30, 2010.

---

Terry Goddard, Arizona Attorney General By Kent E. Cattani and Jonathan Bass, Tucson, Attorneys for Appellee.

John William Lovell, Tucson, Attorney for Appellant.

## OPINION

VÁSQUEZ, Presiding Judge.

¶1 After a jury trial, appellant Danny Mason was convicted of kidnapping, aggravated assault causing a fracture, theft of a means of transportation, armed robbery, aggravated robbery, and two counts of aggravated assault with a deadly weapon or dangerous instrument. On appeal, Mason argues the latter two convictions for aggravated assault violated double jeopardy because they arose from the same offense. He also contends the trial court improperly enhanced his sentences for those convictions and violated A.R.S. § 13–116 by ordering them to be served consecutively to his sentence for armed robbery. For the reasons stated below, we affirm Mason's convictions and sentences except for one of the two convictions for aggravated assault with a deadly weapon or dangerous instrument.

### Factual and Procedural Background [1]

■ ¶2 On the evening of February 28, 2008, Mason telephoned Louis V. and asked him to come to Mason's house "because [Mason] thought someone was going to rip him off." When Louis arrived, Mason took him to the backyard. They had been talking for a few minutes when two men wearing ski masks appeared, one armed with a police baton and the other with a baseball bat. Both began beating Louis and forced him to the ground, at which point Mason put his foot

---

1. We view the evidence presented in the light most favorable to sustaining the convictions. *State v. Cropper*, 205 Ariz. 181, ¶2, 68 P.3d 407, 408 (2003).

on Louis's neck and ordered the men to handcuff him.

¶3 One of the men and Mason then had a conversation about an earlier incident during which Louis had gone to the house of one of the man's relatives, confronted her about having called him a "snitch," and left after she had given him $3,000. They asked Louis if he wanted to apologize to the woman. When he agreed, they called her on a cellular telephone, and Louis "told her that [he] was sorry." A few minutes later, Mason told Louis to get up. He took the keys to Louis's car, and the men put Louis in the trunk. Louis kept his knees up to prevent the trunk from being closed and managed to roll himself out of the car as they drove off. Some neighbors came to his aid and called 9–1–1.

¶4 Following trial, the court imposed enhanced, concurrent sentences on the kidnapping and aggravated assault counts, the longest of which was twenty-eight years. It ordered these sentences to be served consecutively to the enhanced, concurrent sentences it imposed for theft of a means of transportation, armed robbery, and aggravated robbery, the longest of which was also twenty-eight years.[2] This appeal followed.

## Discussion

### Double Jeopardy

¶5 Mason first argues that one of his two convictions for aggravated assault with a deadly weapon or dangerous instrument violated double jeopardy. The indictment charged him in separate counts with having assaulted Louis with a police baton and with a baseball bat, in violation of A.R.S. § 13–1204(A)(2), (B). He contends the "two convictions comprise one violation of a single statutorily proscribed offense ... [and he] was, therefore, convicted and punished twice

for the same offense." Without citing the record or otherwise supporting its position, the state counters that, "[a]t indictment and in the trial, [it] alleged that each count involved a separate and independent act."

¶6 "The Double Jeopardy Clauses of the United States and Arizona Constitutions protect criminal defendants from multiple convictions and punishments for the same offense." *State v. Ortega,* 220 Ariz. 320, ¶9, 206 P.3d 769, 772 (App.2008). A charging document is multiplicitous when it charges a single offense in multiple counts. *State v. Powers,* 200 Ariz. 123, ¶5, 23 P.3d 668, 670 (App.), *aff'd,* 200 Ariz. 363, 26 P.3d 1134 (2001). Although "[m]ultiplicitous charges alone do not violate double jeopardy[,] ... resulting multiple convictions ... are prohibited." *Ortega,* 220 Ariz. 320, ¶9, 206 P.3d at 772. Because Mason failed to raise this issue below, we review only for fundamental, prejudicial error.[3] *See State v. Henderson,* 210 Ariz. 561, ¶19, 115 P.3d 601, 607 (2005). However, "[a] double jeopardy violation constitutes fundamental, prejudicial error." *Ortega,* 220 Ariz. 320, ¶7, 206 P.3d at 772.

¶7 At trial, the state produced no evidence that Mason had struck Louis with either the police baton or the baseball bat. His two convictions for aggravated assault were based on accomplice liability, with one principal having wielded a police baton and the other a baseball bat during the combined attack on Louis. Pursuant to A.R.S. § 13–301, a person is criminally accountable as an accomplice if "with the intent to promote or facilitate the commission of an offense ... [he s]olicits ... another person to commit the offense ... [a]ids ... another person in ... committing an offense ... [or p]rovides means or opportunity to another person to commit the offense." Thus, "[t]he state may

2. The trial court also ordered these sentences to be served consecutively to those imposed in another cause number.

3. Relying on *State v. Anderson,* 210 Ariz. 327, ¶17, 111 P.3d 369, 378 (2005), the state argues Mason has forfeited any appellate review of this issue because he failed to object below that the charges were multiplicitous. However, in *Anderson* the indictment was duplicitous, and our supreme court was concerned with the pros-

pect of a defendant "hav[ing] his cake and eat[ing] it too: ... avoid[ing] the potential of multiple punishments by depriving the State of the opportunity to amend, and then attempt[ing] to avoid any punishment at all." *Id.* Such reasoning does not extend to multiplicitous charges; Mason has gained nothing by failing to object and having a multiplicitous conviction vacated on appeal rather than objecting and having one of the charges dismissed below.

base a defendant's criminal liability for a substantive criminal offense on an accomplice theory if the state is able to show the defendant aided or facilitated the commission of that offense by a principal." *State v. Korovkin*, 202 Ariz. 493, ¶ 12, 47 P.3d 1131, 1135 (App.2002), *citing* A.R.S. §§ 13–301, 13–303.

¶ 8 Although the assault had been carried out by two principals with two different weapons, it was nonetheless a single attack. We are aware of no authority holding that under such circumstances the commission of a single offense can support multiple convictions without violating a defendant's protection against double jeopardy. In his supplemental brief on this issue, Mason asserts that the accomplice statutes are ambiguous and there is no apparent legislative intent "to hold an accomplice liable for two separate aggravated assault charges ... arising from a single, combined attack committed by two assailants." He maintains "the principle of [l]enity would apply to [his] situation and double jeopardy would be a bar to two convictions." The rule of lenity "dictates that any doubt about statutory construction be resolved in favor of a defendant," *State v. Fell*, 203 Ariz. 186, ¶ 10, 52 P.3d 218, 221 (App.2002), and thus " 'against turning a single transaction into multiple offenses,' " *State v. Manzanedo*, 210 Ariz. 292,- 110 P.3d 1026, 1029 (App.2005), *quoting State v. Arndt*, 87 Wash.2d 374, 553 P.2d 1328, 1334 (1976); *see also State v. Brown*, 217 Ariz. 617, ¶ 11, 177 P.3d 878, 882 (App. 2008). The state agrees Arizona law provides little assistance in interpreting § 13–301 under the circumstances of this case, but at oral argument it suggested that, in order not to reward defendants who use multiple accomplices, we should interpret § 13–301 to permit a separate accomplice-liability conviction for each crime committed by a principal.[4] The state essentially posits a statutory scheme whereby each participant to a crime can be convicted of as many counts of that crime as there are participants.[5]

¶ 9 But "being an accomplice is not a separately chargeable offense; it is merely a theory that the state may utilize to establish the commission of a substantive criminal offense." *State v. Woods*, 168 Ariz. 543, 544, 815 P.2d 912, 913 (App.1991); *see also State v. Garcia*, 176 Ariz. 231, 234, 860 P.2d 498, 501 (App.1993). A defendant's liability under an accomplice theory is based on the underlying offense and not on the number of participants involved in its commission. *Cf. People v. Dryden*, 363 Ill.App.3d 447, 300 Ill.Dec. 458, 844 N.E.2d 456, 461–62 (2006) (where defendant entered home shortly before accomplices "all of the entries were part of a single course of conduct designed to rob the victim; in other words, there was one crime" of home invasion). We therefore conclude that the involvement of multiple accomplices cannot by itself transform the commission of a single statutory offense into multiple crimes.[6] And, because Mason's " 'second conviction, even if it results in no greater sentence, is an impermissible punishment,' " it must be vacated. *See Brown*, 217 Ariz. 617, ¶ 13, 177 P.3d at 882, *quoting Ball v. United States*, 470 U.S. 856, 865, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

**Consecutive Sentences**

¶ 10 Mason argues the imposition of consecutive sentences for his armed robbery and aggravated assault convictions violated § 13–116. And he contends the trial court erred in enhancing his sentences for

---

4. We do not find this argument persuasive. The "presence of an accomplice" is an aggravating factor for sentencing purposes pursuant to A.R.S. § 13–701(D)(4). Therefore, a defendant is not "rewarded" for committing a crime with multiple accomplices.

5. Under this interpretation, for example, if five persons assaulted an individual who died as a result of his injuries, each participant could be convicted of five counts of murder. It is inconceivable the legislature intended such an illogical result.

6. By contrast, the involvement of multiple victims indisputably creates separate crimes. *See State v. Burdick*, 211 Ariz. 583, ¶ 6, 125 P.3d 1039, 1041 (App.2005), (" 'Where crimes against persons are involved ... a separate interest of society has been invaded with each victim[,] and ... therefore, where two persons are assaulted, there are two separate offenses.' "), *quoting State v. Gunter*, 132 Ariz. 64, 70, 643 P.2d 1034, 1040 (App.1982). Nor is there a violation of double jeopardy where a defendant is convicted of committing the same crime multiple times against the same victim. *State v. Jones*, 185 Ariz. 403, 405, 916 P.2d 1119, 1121 (App.1995).

aggravated assault. Again, because he did not raise these issues below, we review only for fundamental, prejudicial error. *See Henderson,* 210 Ariz. 561, ¶¶ 19–20, 115 P.3d at 607–08. However, the "[i]mposition of an illegal sentence constitutes fundamental error." *State v. Thues,* 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App.2002).

■■■■■ ¶ 11 Section 13–116 provides, in pertinent part, "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." We review de novo whether the trial court's decision to impose consecutive sentences is permissible under § 13–116. *See State v. Urquidez,* 213 Ariz. 50, ¶ 6, 138 P.3d 1177, 1179 (App.2006). To determine whether the defendant has committed a single act requiring concurrent sentences, we apply the following test set forth in *State v. Gordon,* 161 Ariz. 308, 315, 778 P.2d 1204, 1211 (1989): [7]

> [W]e ... judge a defendant's eligibility for consecutive sentences by considering the facts of each crime separately, subtracting from the factual transaction the evidence necessary to convict on the ultimate charge .... If the remaining evidence satisfies the elements of the other crime, then consecutive sentences may be permissible .... In applying this analytical framework, however, we will then consider whether, given the entire "transaction," it was factually impossible to commit the ultimate crime without also committing the secondary crime. If so, then the likelihood will increase that the defendant committed a single act .... We will then consider whether the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime. If so,

then ordinarily the court should find that the defendant committed multiple acts ....

We therefore "focus[ ] on the 'facts of the transaction' to determine if the defendant committed a single act." *State v. Siddle,* 202 Ariz. 512, ¶ 17, 47 P.3d 1150, 1155 (App.2002), *quoting Gordon,* 161 Ariz. at 313 n. 5, 778 P.2d at 1209 n. 5.

¶ 12 Mason notes that "the assault was aggravated by the use of a baton and a bat[,] and the robbery became armed robbery because of the use of a baton and a bat." He thus argues that "[s]ubtracting ... use of the bat and baton, the remaining facts are not sufficient to convict on Armed Robbery." However, the victim's testimony arguably was sufficient for the jury to infer that Mason's accomplices both used the weapons in the assault and possessed them while committing the robbery.[8] *See Urquidez,* 213 Ariz. 50, ¶ 8, 138 P.3d at 1179 (fact defendant fired gun at victim's vehicle remained after his pointing gun at victim subtracted); *but see State v. Price,* 218 Ariz. 311, ¶ 16, 183 P.3d 1279, 1283–84 (App.2008) (after subtracting fact defendant armed with gun for purposes of armed robbery, record lacked evidence of deadly weapon necessary for aggravated assault). Moreover, "[e]ach of these crimes was established by different acts," the assault by the beating, and the robbery by the taking of the vehicle, which Mason concedes took place at least "a few minutes later." *See State v. Roberts,* 131 Ariz. 519, 522, 642 P.2d 864, 867 (App.1981) (upholding consecutive sentences for kidnapping and extortion both involving use of gun), *vacated in part on other grounds,* 131 Ariz. 513, 642 P.2d 858 (1982).

¶ 13 In any event, as Mason concedes, he could have committed the aggravated assaults without committing the armed rob-

---

7. At oral argument, defense counsel asserted that, before we could consider the factors enunciated in *Gordon,* we must first determine whether the test stated in *State v. Tinghitella,* 108 Ariz. 1, 491 P.2d 834 (1971), had been satisfied. However, although the court in *Gordon* stated it would continue to apply the *Tinghitella* test, it incorporated that test into the three-factor test it adopted. *Gordon,* 161 Ariz. at 315, 778 P.2d at 1211. It therefore does not constitute a separate, threshold inquiry, and we need not consider it independently.

8. Notably, Mason has not argued there was insufficient evidence to support the armed robbery conviction. *See* Ariz. R.Crim. P. 20. And, in any event, in light of our conclusion that one of Mason's aggravated assault convictions must be vacated, the weapon that supported the vacated charge would then unquestionably be available to satisfy both the elements and the factual basis of the armed robbery charge, notwithstanding the use of the other weapon in the aggravated assault, further supporting the imposition of consecutive sentences.

bery. And, notwithstanding Mason's unsupported assertion to the contrary, the risk of harm to the victim was increased by the accomplices. possession of dangerous weapons during the robbery. *See Siddle,* 202 Ariz. 512, ¶ 18, 47 P.3d at 1156. Because "[t]hese two factors strongly suggest that [Mason] committed multiple acts in the perpetration of the offenses[,] ... consecutive sentences were permissible under § 13–116." *See Siddle,* 202 Ariz. 512, ¶ 18, 47 P.3d at 1156.

¶ 14 Mason also argues, based on a discrepancy between the sentencing minute entry and the transcript of his sentencing hearing, that the trial court illegally enhanced his sentences on the aggravated assault convictions, both class three felonies. "Upon finding a discrepancy between the oral pronouncement of sentence and a minute entry, a reviewing court must try to ascertain the trial court's intent by reference to the record." *State v. Stevens,* 173 Ariz. 494, 496, 844 P.2d 661, 663 (App.1992). In doing so, "the oral pronouncement of sentence controls" over the written judgment. *State v. Hanson,* 138 Ariz. 296, 304–05, 674 P.2d 850, 858–59 (App.1983). And we presume the court knows and correctly applies the law. *State v. Williams,* 220 Ariz. 331, ¶ 9, 206 P.3d 780, 783 (App.2008).

¶ 15 Here, the trial court's minute entry states Mason received enhanced, presumptive, twenty-year sentences on the aggravated assault convictions. However, the court apparently failed to state in its oral pronouncement of sentence whether these sentences were presumptive or aggravated. From this discrepancy, Mason constructs a theory that the court sentenced him pursuant to former A.R.S. § 13–604(K), *see* 2007 Ariz. Sess. Laws, ch. 248, § 1, which provides for a presumptive sentence of twenty years for a class three felony committed with two or more historical prior convictions for dangerous-nature felonies.[9] Because there is "noth-

ing [i]n the record ... to indicate that the Trial Court found one or more of ... Mason's prior felony convictions to be of a dangerous nature," he therefore contends his sentences on these counts were illegally enhanced.

¶ 16 But Mason's theory is pure speculation. It is also refuted by the sentencing transcript, which shows the trial court plainly stated it was "proceeding under [§ ] 13–604(C) and ... (D)" for class two and class three felonies respectively and found the offenses to be "repetitive." Consequently, the court correctly enhanced Mason's sentences with two nondangerous historical prior felony convictions. Presuming that the court knew and correctly applied the law, *see Williams,* 220 Ariz. 331, ¶ 9, 206 P.3d at 783, we infer that it intended to impose aggravated sentences pursuant to former § 13–604(D), *see* 2007 Ariz. Sess. Laws, ch. 248, § 1, which provided for an aggravated sentence of twenty years for a class three felony with two or more historical prior felony convictions. We conclude the minute entry erroneously describes those sentences as presumptive.[10] *See Hanson,* 138 Ariz. at 304–05, 674 P.2d at 858–59.

### Disposition

¶ 17 For the reasons stated above, with the exception of one of his two convictions for aggravated assault with a deadly weapon or dangerous instrument, we affirm Mason's convictions and sentences and remand with instructions for the trial court to decide in the exercise of its discretion which of the two convictions to vacate.

CONCURRING: PETER J. ECKERSTROM, Judge, and VIRGINIA C. KELLY, Judge.

---

**9.** Significant portions of Arizona's criminal sentencing code have been renumbered, *see* 2008 Ariz. Sess. Laws, ch. 301, §§ 1–120, effective "from and after December 31, 2008." *Id.* § 120. In this decision, however, we refer to the·statutes as they were numbered when Mason committed these offenses in March 2008.

**10.** Mason does not argue that the aggravated sentences the trial court imposed for these convictions were unwarranted. Nor does he challenge the court's imposition of aggravated sentences on all of his other convictions, based on the aggravating factors of a prior federal felony conviction and the presence of accomplices.